IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SHAREN DAVIS,                                                                                          PLAINTIFFS

v.                                                                         CIVIL ACTION NO. 2:03CV374-GHD-SAA

MANDALAY RESORT GROUP
d/b/a GOLD STRIKE CASINO,                                                                         DEFENDANT

# ORDER

Before the court is defendant's motion to compel production of therapy notes from Laurie Daniel, a psychotherapist who provided treatment to the plaintiff. Plaintiff has previously executed a release authorizing defendant to obtain her medical and therapy records from July 1994 to the present. When plaintiff designated Ms. Daniel as an expert witness, however, only two pages of her notes were produced, and defendant subsequently made a specific written request for production of all plaintiff's therapy notes without redaction and forwarded a copy of the executed release form to Daniel. When more information from Daniel was not forthcoming, defendant subpoenaed Daniel to produce plaintiff's therapy records. After seeking the advice of counsel, and citing fears of violating the disclosure prohibitions of the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, Daniel produced the records in a "highly redacted" form, removing names of or references to any individuals other than plaintiff. Defendant now moves to compel Daniel to disclose a copy of her notes redacted only to remove any reference to treatment any individual, other than the plaintiff, may have received from Daniel.

In response to the motion, plaintiff argues the subpoena and deposition of Daniel and the

court-ordered independent medical examination are "nothing but an attempt to embarrass and harass the Plaintiff and serves no legitimate discovery purpose." (PL.'S RESP. TO MOT. TO COMPEL ¶ II.) Plaintiff's counsel continues: "The fact that Fifth Circuit law says a Plaintiff waives any privilege to his or her medical records just because the Plaintiff seeks emotional damages is a playground for abuse by Defense attorneys." In a separate brief, subpoena respondent Daniels raises three arguments: (1) Production of unredacted notes would disclose private information that could cause extreme embarrassment to individuals who are not parties to this action; (2) some of the individuals whose names were redacted were also being treated by Daniels and have not waived any rights or privileges under HIPAA; and (3) psychotherapy notes are so sensitive that they are exempt from the "almost blanket requirement" that patients be allowed access to their own health information. Defendant's motion to compel directs the court to regulations providing, in part, that information pertaining to an individual's mental health and that identifies the individual or creates a "reasonable basis to believe the information can be used to identify the individual" may not be disclosed by a health care provider except as permitted by the Act. 45 C.F.R. §§ 160.103; 164.502(a) (2004). Notably, however, neither plaintiff nor Daniel provide any legal authority for the manner in which Daniel redacted the notes in this case.

  Having duly considered the motion, the court finds that it is well taken and should be granted. As the court has previously noted, plaintiff has placed her mental condition in controversy in this action, (*See* October 19, 2004 Order for Independent Medical Examination), and defendant is entitled to discover information pertaining to mental and physical conditions which could have led to plaintiff's claimed damages, including conditions which may have preexisted her employment by defendant. *See Victoria W. v. Larpenter*, No. Civ.A. 00-1960, 2001 WL 674156, *2 (E.D. La. June 14, 2001) (citing *Doe v. City of Chula Vista*, 196 F.R.D.

562, 568 (S.D. Cal. 1999) (discovery allowed in order to determine whether to present a theory of alternative causes for plaintiff's condition). Records of the sort at issue in this motion are indeed private and deserving of protection, but defendant has no objection to entry of a protective order that expressly limits disclosure to counsel in this case and only for the duration of this litigation and otherwise protects against disclosure of personal information relating to Daniel's other patients in violation of HIPAA. Indeed, defendant expressly disavows that it seeks personally identifiable information pertaining to any individual to whom Daniel provided treatment as a medical professional.

It is, therefore,

**ORDERED:**

Defendant's motion to compel is granted. On or before May 31, 2005, Daniel shall produce to defendant a copy of her notes redacted only to protect against disclosure of individually identifiable health information pertaining to individuals other than plaintiff with whom Daniel had a psychotherapist/patient relationship. Neither counsel nor any party shall disclose the contents of such notes to any person not directly involved in and necessary for the effective litigation of this case without having first obtained leave of court.

SO ORDERED, this the 20th day of May 2004.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE